UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cv-00068-MOC

| | |
|---|---|
| PAMELA VANCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | )     ORDER |
| | ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the court upon plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order remanding this matter for further administrative proceeding to address errors as herein discussed.

**FINDINGS AND CONCLUSIONS**

**I.    Administrative History**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits. Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to plaintiff, from which plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, plaintiff timely filed this action.

The court notes that this is the second time a claim from this claimant has been appealed to this court. In the first case, Vance v. Colvin, 1:13cv186 (W.D.N.C. 2013), this court's colleague, Honorable Robert J. Conrad, United States District Judge, denied plaintiff's appeal of her 2010 claim. Such determination covered the period of June 14, 2010, through April 17, 2012. A month before plaintiff appealed that denial in this court in July 2013, plaintiff filed a second claim with the Social Security Administrative this time claiming alleged onset date of April 18, 2012, which was the day after the ALJ denied her first claim.

## II.     Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. A court will "affirm the Social Security Administration's disability determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015) (internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, ___ F.3d ___, No. 14-2255, 2015 WL 9204335, at *3 (4th Cir. Dec. 17, 2015) (citation and internal quotation marks omitted).

A court is not, however, to "reweigh conflicting evidence[] [or] make credibility determinations" in evaluating whether a decision is supported by substantial evidence; rather, "[w]here conflicting evidence allows reasonable minds to differ," a reviewing court will defer to the Commissioner's decision. Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted). Where it appears that the ALJ has not adequately explained their findings, courts should not engage in an independent review of the facts, but should instead remand to the agency for further investigation or explanation. Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). Where an ALJ relies on boilerplate language and does not adequately explain a determination, the decision is "devoid of reasoning," which renders the task of deciding whether the ALJ's decision is supported by substantial evidence impossible. Id. at 295. In sum, it is not appropriate for a court to review the medical record *de novo* to discover facts to support or refute the ALJ's findings. Id. at 296.

### III. Substantial Evidence

#### A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. As plaintiff cites to the determination of Judge Conrad in her first case, the court has also read that decision. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. §§ 404.1520(b) - (f). In this case, the Commissioner determined plaintiff's claim at the fifth step of the sequential evaluation process.

### C. Discussion

The court concurs with plaintiff's arguments that the decision of the ALJ is not in conformity with case law that has developed since she filed this claim. In particular, it is clear from the court's review of the ALJ's decision that he did not perform a function-by-function analysis of plaintiff's ability to lift, walk, stand and sit as required by SSR 96-8p. While the ALJ determined that plaintiff was capable of walking, standing and sitting up to 6 hours each in an 8 hour workday and lifting 20 pounds in his residual functional capacity, he does not explain the reasons why the medical evidence he cites supports such conclusions.

The Fourth Circuit recently held that "[r]emand may be appropriate ... where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 2015 WL 1219530, at *3 (4th Cir. Mar.18, 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir.2013)). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id. at *5 "In particular, although the ALJ concluded that Mascio can perform certain functions, he said nothing about Mascio's ability to perform them for a full workday. Id. at *3. Generic findings by an ALJ that a claimant is capable of simple, routine, repetitive tasks is no longer sufficient under SSR 96-8p.

> we agree with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.' Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

Id. at 638. The ALJ does not explain in his decision how he arrived at higher functioning findings in the RFC. While he explains how he accounted for numbness in plaintiff's hands and her trouble concentrating, there is no explanation for how he arrived upon his walking, standing, sitting and lifting findings, (Tr 41), all of which were critical to his finding at Step Five. The court notes, however, that the ALJ issued his decision several months before Mascio was published and in no manner faults the ALJ for not anticipating that decision.

More recently, in Monroe v. Colvin, ---F.3d---, 2016 WL 3349355 (4th Cir. June 16, 2016), the Court of Appeals for the Fourth Circuit held that an ALJ needs to provide an explicit explanation linking medical evidence listed in the decision to his ultimate findings:

> The ALJ cited evidence that he appeared to believe tended to discredit Monroe's testimony regarding his claimed episodes of loss of consciousness and fatigue. However, he failed to "build an accurate and logical bridge from the evidence to his conclusion" that Monroe's testimony was not credible…
> Simply put, the ALJ does not indicate how any of the facts he cited show that Monroe did not lose consciousness two or three times daily or suffer extreme fatigue…
> In citing "normal" results from pulmonary and respiratory tests and an EEG, the ALJ did not explain why he believed these results had any relevance to the question of what symptoms Monroe suffered from narcolepsy. Nor does the ALJ explain why he believed that the intensity of Monroe's apnea had any relevance to that question…
> On remand, if the ALJ decides to discredit Monroe's testimony regarding his episodes of loss of consciousness and fatigue, it will be incumbent on him to provide a clearer explanation of his reasons for doing so, such that it will allow meaningful review of his decision…

Monroe, 2016 WL 3349355, at *10-11. Consistent with that decision, this court's colleague in Hutchins v. Colvin, 1:15-cv-186-FDW, 2016 WL 3513397, at *3 (W.D.N.C. June 27, 2016) held that "[s]imply listing facts from the medical record, some of which appear to support Plaintiff's claimed limitations, is insufficient" for evaluating supportability of contested functions in RFC. This court fully concurs in that holding, and it appears precisely to be the flaw in this pre-Mascio and pre-Monroe determination by an ALJ. For such reasons, this matter will be remanded. On remand the ALJ shall, in addition to conforming any decision with current case law, either fully credit Dr. David's opinion or provide adequate reasons for affording such opinions little weight.

Finally, the court is concerned that although the ALJ's found in the RFC decision underlying Judge Conrad's decision that plaintiff would require a sit-stand option, he found in this

application that plaintiff would no longer require a sit-stand option citing new evidence. This particularly concerning inasmuch as the Vocational Expert in this case testified that plaintiff would be unemployable if she had an RFC which included a sit-stand option. In such a situation, current case law places on the ALJ a burden of producing *substantial evidence* of improvement before assigning plaintiff a higher RFC. While it is conceivable that plaintiff's condition improved, review of the decision does not reveal that the ALJ cited to substantial evidence of improvement that would support such a conclusion. Albright v. Commissioner of Social Sec. Admin., 174 F.3d 473 (4th Cir. 1999). As the appellate court counsels in Mascio, it is not this court's role to go searching for medical evidence that would support such determination. The court will, therefore, also remand for compliance with Albright.

### D. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is not consistent with current case law, much of which was developed after the ALJ issued his decision. Where a court concludes that the ALJ improperly applied or failed to apply a legal standard, then the court need not address the substantial evidence question. Preslar v. Sec'y of Health and Human Servs., 14 F.3d 1107, 1110 (6th Cir. 1994); Branham v. Gardner, 383 F.2d 614; 626-27 (6th Cir. 1967). Plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for

Summary Judgment will be denied, and the decision of the Commissioner will be remanded for a new hearing and further consideration consistent with the discussion in this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) The decision of the Commissioner, denying the relief sought by plaintiff, is **OVERRULED**;

(2) The plaintiff's Motion for Summary Judgment (#7) is **GRANTED**;

(3) The Commissioner's Motion for Summary Judgment (#9) is **DENIED**; and

(4) This action is **REMANDED** for a new hearing and further consideration by the ALJ consistent with this Order.

Signed: October 13, 2016

Max O. Cogburn Jr
United States District Judge